IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

OSCAR STANLEY                                                                              PETITIONER

VS.                              CASE NO. 5:14CV00196 JM/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction                                                    RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Oscar Stanley seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Stanley is currently in the custody of the Arkansas Department of Correction (ADC). Mr. Stanley entered a guilty plea on July 17, 2012[1], in Sebastian County Circuit Court to the charges of robbery and overdraft, and was sentenced as an habitual offender to 300 months' imprisonment. Having entered guilty pleas, no direct appeal of the convictions was available. On May 28, 2013, Mr. Stanley filed a petition to correct an illegal sentence with the trial court. This petitioner was denied as untimely. He appealed and the Arkansas Supreme Court affirmed the dismissal. *See Docket Entry no. 5-3*. In January of this year, Mr. Stanley filed a petition for state habeas corpus relief in Lee County Circuit Court. This petition was denied in February of this year.

On May 8, 2014, Mr. Stanley mailed his petition for federal habeas corpus relief advancing the following claims for relief:

1. His sentence is illegal because the state is not following the plea agreement;

2. He was denied the effective assistance of counsel when his attorney coerced him to plead guilty;

3. He was denied a fair and impartial trial when he was coerced into pleading guilty;

---

[1] Although Mr. Stanley entered his pleas on July 17, 2012, an Amended Sentencing Order was filed on July 30, 2012. *See Docket Entry no. 5-2*. This date is used as the onset date for the limitations period.

and

4. He was denied the effective assistance of counsel in post conviction proceedings.

The respondent contends that the statute of limitations bars consideration of these claims and that the claims are procedurally defaulted. The petitioner has responded to the assertions of the respondent regarding the limitations period and procedural bar. *See Docket Entry no. 7.* Prior to any consideration of the merits of the claims advanced by Mr. Stanley, we must first consider if the petition is properly before the Court.

**Statute of Limitations:** Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the limitations period began on July 30, 2012, when the petitioner entered his guilty pleas. Thus, the respondent contends the petitioner should have filed for habeas corpus relief on or before July 30, 2013. The petition was filed on May 8, 2014, more than seven months after the limitations period had expired. Thus, the respondent urges that the petitioner's failure to act sooner is fatal to the petition.

In the pleading filed by Mr. Stanley in response to the respondent's reply, he does not dispute that his petition was filed more than one year after his guilty pleas were entered. He argues, however, that the date of entry of the guilty pleas should not start the limitations clock. Instead, he urges that his federal habeas petition was filed within the one year period following the May 28, 2013, United States Supreme Court decision in *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). According to the petitioner, the *Trevino* case operates to equitably toll the limitation period, rendering his petition timely.

> The failure to file a timely petition can be excused under some circumstances:
>
> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted).*

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

The notion that the *Trevino* case operates to toll the limitations period is an interesting approach. In *Trevino*, the Court found the Texas procedural framework was such that it was highly unlikely that a criminal defendant would have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal. As a result, the Court, applying *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), a March 20, 2012 ruling, found that a claim of ineffective assistance of counsel which would ordinarily be procedurally barred might still be considered. Both *Trevino* and *Martinez* deal with the issue of whether claims are procedurally barred. Neither of the cases deal with the issue of claims barred by the limitations period. Mr. Stanley cites no case law for the proposition that *Trevino* affects the limitations period in any way. We are left to consider the bald assertion that *Trevino* equitably tolls the limitations period, and we find this assertion to be lacking[2].

---

[2]Other petitioners have advanced the idea that *Martinez* tolls the limitations period, without success. The *Martinez* case, however, has no relevance in a discussion of the limitations period. Rather, any relevance of that case would occur in the context of "cause" for a procedural default. *See Henderson v. Hobbs*, 2012 WL 4049222, Eastern District of Arkansas, August 29, 2012

In summary, the petitioner entered guilty pleas on July 30, 2012. Prior to the expiration of the limitations period for filing a federal habeas corpus action on July 30, 2013, Mr. Stanley filed a petition to correct an illegal sentence with the trial court. This petition did not toll the limitations period, however, since it was untimely filed (filed on May 28, 2013 – should have been filed within ninety days of imposition of the sentence). Any other petitions filed by Mr. Stanley were initiated after July 30, 2013. These petitions could not toll the limitation period because the time had lapsed and there was nothing to toll. *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). It was more than seven months after the expiration of the limitation period that Mr. Stanley mailed his federal habeas corpus petition to this Court. He offers no persuasive reason why the limitations period should have been tolled following the finality of his state court convictions. As a result, we recommend the petition be dismissed as untimely.[3]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this  3   day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

("The *Martinez* Court did not create, however, a new ground for equitable tolling of the statute of limitations.").

[3] We need not, and do not, consider the procedural default argument under the circumstances in this case, where the limitations period has clearly expired.